UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

YVONNE B. [1] O/B/O D.E.B.,

                              Plaintiff,                    **DECISION AND ORDER**

v.                                                          1:17-cv-01315-JJM

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____


        Before the court is plaintiff's motion [22][2] for attorneys' fees in the amount of

$14,926.00  pursuant to 42 U.S.C. §406(b).  Defendant filed a response on March 29, 2021 [26],

and raised no objections to plaintiff's fee request, but deferred to the court as to the timing of

plaintiff's filing.  Defendant's Response [26], pp. 2-3.  For the reasons discussed below, the

plaintiff's motion is granted.


                                    **BACKGROUND**

        Plaintiff commenced this action on December 19, 2017, arguing that the

Commissioner's denial of her claim for benefits was not supported by substantial evidence and

was contrary to law.  Complaint [1].  On October 15, 2018, plaintiff  moved for judgment on the

pleadings [14].  On November 2, 2018, the parties stipulated to entry of an order remanding this

_____

[1]        In accordance with the guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Western District
of New York on November 18, 2020 in order to better protect personal and medical information of non-
governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]        Bracketed references are to CM/ECF docket entries. Page references are to the CM/ECF
pagination (upper right corner of the page).

matter to the Commissioner for further proceedings.  Stipulation for Remand [15].  I ordered this matter remanded for further proceedings pursuant to the Stipulation on November 16, 2018. Text Order [16].  On March 15, 2019, I approved [21] the parties' stipulation [20] for attorneys' fees in the amount of $2,500.22 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On August 25, 2020, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since February 25, 2014 and approving plaintiff's claim for Social Security Income ("SSI") benefits.  *See* Notice of Decision and Decision [22-4].  The fee arrangement between plaintiff and her attorney is governed by their Fee Agreement.  *See* [22-5]. Pursuant to the Fee Agreement, "the attorney fee will be ¼ (25 percent) of the past due benefits resulting from [plaintiff's] claim.  Id.

The Social Security Administration ("SSA") issued a Notice of Award concerning plaintiff's claim for SSI on October 9, 2020.  [22-3].  The SSA calculated past due benefits in the amount of $59,704.00.  Id. at 2.  The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $14,926.00.  Smith Declaration [22-2], ¶ 13. Plaintiff's attorneys request an award of attorney fees in the total amount of $14,926.00.  *See* Notice of Motion [22]; Memorandum in Support [22-1], pp. 2, 6-7, 9.  Plaintiff's attorneys agree, upon receipt of payment of the fee, to refund to plaintiff the $2,500.22 in fees they received pursuant to the EAJA.  Notice of Motion [22]; Memorandum in Support [22-1], p. 9.

The Commissioner points out that this motion was not filed within 17 days of the Notice of Award.  However, the Commissioner acknowledges the plaintiff's attorney's representation that it did not receive the Notice of Award letter until March 8, 2021.  *See* Commissioner's Response [26], p. 2; *see also* Smith Declaration [22-2], ¶ 12; Byrne Affidavit

[22-6], ¶ 9.  The Commissioner did not submit any information contrary to the assertions of

plaintiff's counsel and requests that this court "determine whether that reason is sufficient to

determine that the Section 406(b) Motion was timely filed".  Commissioner's Response [36], p.

3.  Further, the Commissioner defers to the court to determine the reasonableness of the

requested fee.  Id., p. 5-6.  Lastly, the Commissioner recognizes that "there is no evidence of

fraud or overreaching."  Id., p. 6.

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge social

security claimants:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of 25 percent
> of the total of past-due benefits to which the claimant is entitled by
> reason of such judgment, and the Commissioner of Social Security
> may . . . certify the amount of such fee for payment to such attorney
> out of, and not in addition to, the amount of such past-due benefits.
> In case of any such judgment, no other fee may be payable or
> certified for payment for such representation except as provided in
> this paragraph.

42 U.S.C.§406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to §406(b), this

court reviews both the timeliness of the motion and the reasonableness of the fee.  *See, e.g.*,

Barone v. Saul, 2019 WL 3296616, *1 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social

Security, 2019 WL 6242549, *1-2 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966, *1

(W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785, *2-3

(W.D.N.Y. 2020).  I address each here in turn.

**A.      Did Plaintiff Timely File Her Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for

§406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019).  There, the Second Circuit found

that the fourteen-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is

subject to equitable tolling "until a benefits calculation is made on remand and notice thereof

received by the parties."  Id. at 89. Accordingly, motions for benefits made within seventeen

days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[3] of receipt of a Notice

of Award  for benefits are timely.  However, the Sinkler Court also acknowledged that the 14-

day limitations period is not absolute:

> In holding Rule 54 applicable in these circumstances, we are
> mindful that its fourteen-day limitations period is not absolute.
> The rule expressly states that the specified period applies "[u]nless
> a statue or a court order provides otherwise." Fed. R. Civ. P.
> 54(d)(2)(B).  Thus, district courts are empowered to enlarge that
> filing period where circumstances warrant.

Id. at 89; *see also* Perry v. Commissioner, 2020 WL 360979, *4 (W.D.N.Y. 2020).

I find that such circumstances exist here.  First, there is no evidence that the SSA

sent the Notice of Award to plaintiff's attorney.  It is not addressed to plaintiff's attorney.  The

body of the letter does not state that a copy is being sent to plaintiff's attorney, nor does it

acknowledge that plaintiff has an attorney.  There is no notation on the letter (for example, a "cc"

under the closing) that indicates a copy was sent to plaintiff's attorney.  *See* Notice of Award

[22-3].

Second, plaintiff's attorney, an officer of the court, represented in her Declaration

that her office had not received a copy of the Notice of Award until March 8, 2021.  Smith

---

[3] *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a
party receives communications three days after mailing").

Declaration [22-2], ¶ 12.  To support that representation, she submitted with her motion the affidavit of Stephanie Byrne, who has worked for plaintiff's attorney's office since September 2014 in a variety of positions.  *See* Byrne Affidavit [22-6], ¶ 1.  Ms. Byrne has personal knowledge of their office case management system, called Prevail, and of the "strict office policies and procedures in place which would require our staff members to upload any document to Prevail on the same date that it was received".  Id., ¶¶ 3, 5.  Based upon this knowledge, and her review of Prevail, she was able to "attest" that the October 9, 2020 Notice of Award was not received by plaintiff's attorney until March 8, 2021.

Finally, the Commissioner did not submit with its Response any information, or make any assertion, that contradicts the representations of plaintiff's attorneys or that suggests they may be mistaken.  For these reasons, I find that plaintiff's attorneys did not receive a copy of the Notice of Award until March 8, 2021 and that it is appropriate here to enlarge the time by which plaintiff's motion to § 406 may be filed.  Accordingly, I find this motion, filed only 9 days after receipt of the Notice of Award, timely.

## B.      Is Plaintiff's Fee Request Reasonable?

Here, the Fee Agreement between plaintiff and her attorneys provides for an attorneys' fee of 25 percent of the past due benefits awarded in her case.  Fee Agreement [22-5].  The 25 percent fee is within the cap provided by §406(b).

That is not the end of the inquiry, however.  Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  To determine the reasonableness of a contingent fee, the Supreme

Court identified several factors that a court may consider.  First, courts may consider "the character of the representation and the results the representative achieved."  Id.  Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case.  Id.  Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney.  Id.  In addition, the Second Circuit instructs courts in this circuit to also consider "whether there has been fraud or overreaching in making the agreement".  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation.  Plaintiff's attorney has been practicing law for approximately 5 years, exclusively representing individuals seeking SSD and SSI benefits.  Smith Affirmation [22-2], ¶¶ 2-3.  During that time, Ms. Smith has handled over 250 social security cases before this court and 68 hearings at the administrative level.  Id., ¶¶ 3-4.  Ms. Smith's work on this matter yielded awards of past due benefits totaling $59,704.00.  Id., ¶ 12.

Second, there was no delay in resolution of this matter attributable to plaintiff's attorney.  She filed plaintiff's motion for judgment on the pleadings within the time permitted by the court's rules.  Rule 5.5(d)(1) of the Local Rules of Civil Procedure of this court, entitled "Procedures in Social Security Cases", instructs plaintiffs to "serve and file a brief on the merits within sixty (60) days of the date on which the defendant files the certified transcript of administrative proceedings".  L.R. 5.5.  Defendant filed the transcript [12] on August 15, 2018.  Plaintiff's attorney filed plaintiff's motion [14] on October 15, 2018.[4]

---

[4]     October 14, 2018 was a Sunday.  Therefore, plaintiff's filing on October 15, 2018 was timely pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall. Time records submitted with the motion indicate a total of 29.3 hours of attorney time was spent on plaintiff's matter. *See* Smith Declaration [22-2], ¶ 15. The total fee requested results in an effective hourly rate of $509.42.[5] Memorandum in Support [22-1], p. 6. This hourly rate is higher than Ms. Smith's $350 hourly rate charged for non-contingent matters. Smith Declaration [22-2], ¶ 18. However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71; *see also* Memorandum in Support [22-1], pp. 6-7.

Moreover, the effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district. *See e.g.* Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

Lastly, as conceded by the Commissioner, there is no evidence of fraud or overreaching.

---

[5] The effective hourly rate was calculated by dividing the requested fee ($14,926.00) ([22]) by the total number of hours (29.3) documented in plaintiff's fee application ([22-2]).

## CONCLUSION

For these reasons, plaintiff's motion for fees pursuant to 42 U.S.C. §406(b) in the amount of $14,926.00 [22] is granted.  The Commissioner is directed to release these funds.  In addition, I direct plaintiff's attorneys to return to plaintiff the $2,500.22 EAJA fees they were awarded within 14 days of their receipt of the §406(b) fee.

**SO ORDERED.**

Dated: May 4, 2021

    /s/  Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge